WILLIAM LINTON *vs.* GEORGE R. HICHBORN and another.

Suffolk. November 25.—29, 1878. COLT & MORTON, JJ., absent.

In an action by the purchaser of real estate at a sale by auction to recover back the part of the purchase money paid at the sale, the judge, who tried the case without a jury, ordered judgment for the plaintiff, and allowed a bill of exceptions, which stated that after the sale, and before the tender of the deed, some person had injured the estate by unhinging and breaking one of the blinds, breaking two panes of glass in a window, making a hole in the ceiling of one room, breaking through an inner door, and carrying away a piece of water-pipe five or six feet long; that the defendant offered to repair the injuries or to compensate the plaintiff for them; and that the judge refused to rule, as requested by the defendant, that these facts did not constitute in law a breach of the contract on the part of the vendor such as would release the purchaser from his obligation, and entitle him to recover back the part of the purchase money already paid. *Held*, that the exceptions did not disclose the nature and degree of the injuries to the property with sufficient fulness and distinctness to enable the court to determine that the refusal to rule as requested was erroneous.

CONTRACT upon an account annexed to recover back $300 paid on account of the purchase money, which was $2,500, of a

parcel of real estate sold by auction to the plaintiff. Answer, a general denial. Trial in the Superior Court, before *Bacon*, J.. without a jury, who allowed the following bill of exceptions.

" The plaintiff signed the written conditions of sale, the material part of which was as follows : '$300 to be paid at sale, one half of the whole purchase money to be paid in cash, balance to remain on mortgage power of sale for three years at seven per cent interest. Taxes for the present year to be paid by the purchaser. Deed to be ready at the office of George R. Hichborn & Co., No. 63 Court Street, on or before fifteen days (or as soon as the papers can be completed) from the day of sale.'

" It appeared in evidence that after the sale, and before the tender of the deed of the premises to the plaintiff, some person had injured the estate by unhinging and breaking one of the blinds, breaking two panes of glass in one of the windows, making a hole in the ceiling of one of the rooms, breaking through one of the inner doors, and cutting and carrying away a piece of waterpipe five or six feet long. It did not appear that the vendor of the house, which was occupied by her tenants, she herself living in an adjoining house, or the defendants, had knowledge of these injuries until the plaintiff mentioned them at the time of the tender of the deed, and by reason of them refused to accept the deed. It also was in evidence that, when the plaintiff mentioned these injuries, the defendants offered to repair them, or to compensate the plaintiff for them by an allowance in money.

" The defendants requested the presiding judge to find that these facts did not constitute in law a breach of the contract on the part of the vendor such as would release the purchaser from his obligations, and render the defendants liable to the present action. But the judge declined so to find; but he did find that, by reason of such injuries, the plaintiff was released from his obligation to take the house; and ordered judgment for the plaintiff for the sum of $300 and interest." The defendants alleged exceptions.

*W. C. Williamson*, for the defendants.

*D. B. Gove*, for the plaintiff.

BY THE COURT. This court cannot revise the finding in matter of fact of the judge by whom the case was tried without a jury. The bill of exceptions fails to show that the judge

made any ruling in matter of law, beyond declining to rule that the facts which the evidence tended to prove did not constitute in law such a breach of the contract, on the part of the vendor, as would release the purchaser from his obligations, and entitle him to recover back the part of the purchase money already paid; and does not disclose the nature and degree of the injuries to the property with sufficient fulness and distinctness to enable this court to determine that the refusal so to rule was erroneous.

*Exceptions overruled.*